UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AGUSTIN MUÑOZ PEREZ,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>ROYAL PROPERTY MANAGEMENT,<br><br>　　　　　　　　　　Defendant. | Case No.: 21-cv-1844-CAB-WVG<br><br>**ORDER:**<br>**1) DISMISSING CIVIL ACTION AS FRIVOLOUS AND FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(i), (ii);**<br><br>**AND**<br><br>**2) DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS MOOT [Doc. No. 2]** |

Plaintiff Agustin Muñoz Perez filed this civil action against Royal Property Management on October 29, 2021. [Doc. No. 1.] Plaintiff did not prepay the civil filing fees required by 28 U.S.C. § 1914(a) at the time of filing; instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). [Doc. No. 2.]

**I.     Screening Pursuant to 28 U.S.C. § 1915(e)(2)(B)**

A complaint filed by any person seeking to proceed IFP pursuant to 28 U.S.C. § 1915(a) is subject to *sua sponte* dismissal if it is "frivolous, malicious, fail[s] to state a

claim upon which relief may be granted, or seek[s] monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an *in forma pauperis* complaint that fails to state a claim."); *see also Chavez v. Robinson*, 817 F.3d 1162, 1167-68 (9th Cir. 2016) (noting that § 1915(e)(2)(B) "mandates dismissal—even if dismissal comes before the defendants are served"). Congress enacted this safeguard because "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)).

Complaints must also comply with Federal Rule of Civil Procedure 8, which requires that each pleading include a "short and plain statement of the claim," FED. R. CIV. P. 8(a)(2), and that each allegation "be simple, concise, and direct." FED. R. CIV. P. 8(d)(1). *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). In addition to the grounds for *sua sponte* dismissal set out in § 1915(e)(2)(B), the district court may also dismiss a complaint for failure to comply with Rule 8 if it fails to provide the defendant fair notice of the wrongs allegedly committed. *See Cafasso, United States ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011) (citing cases upholding Rule 8 dismissals where pleadings were "verbose," "confusing," "distracting, ambiguous, and unintelligible," "highly repetitious," and comprised of "incomprehensible rambling").

Here, Plaintiff's complaint fails to comply with Rule 8 and fails to state a claim upon which relief can be granted. The complaint incoherently alleges that three individuals (not named as defendants) sprayed "chemical exposure" in Plaintiff's apartment unit, but it is unclear what laws or rights Plaintiff claims were violated or infringed. Plaintiff also does not specify what the named defendant is allegedly responsible for or how it is involved with the facts alleged. Plaintiff attaches a Notice of Entry of Judgment in a small claims

case he appears to have brought against the named defendant (Royal Property Management Group) and another defendant (East Village West LP) reflecting judgment in favor of the defendants, but does not explain the significance of the judgment to this case. Moreover, Plaintiff does not state what relief he seeks from the Court. The complaint is therefore frivolous and fails to state a claim upon which relief can be granted.

Accordingly, even if Plaintiff is entitled to proceed IFP, the complaint must be dismissed. *See Anderson v. Sy*, 486 Fed. Appx. 644 (9th Cir. 2012) ("The district court properly dismissed [the lawsuit] as frivolous because the complaint contains indecipherable facts and unsupported legal assertions."); *Adams v. FBI San Francisco Field Office Supervisor & Agents*, No. 19-CV-02977-YGR (PR), 2019 WL 5626261, at *1 (N.D. Cal. Oct. 31, 2019) ("A claim that is totally incomprehensible may be dismissed as frivolous as it is without an arguable basis in law."). Moreover, "[w]hen a case may be classified as frivolous or malicious, there is, by definition, no merit to the underlying action and so no reason to grant leave to amend." *Lopez*, 203 F.3d at 1128, n.8.

## II. Conclusion

For the foregoing reasons, it is hereby **ORDERED** as follows:

1. The complaint is **DISMISSED** without leave to amend;
2. Plaintiff's Motion to Proceed IFP [Doc. No. 2] is **DENIED AS MOOT**;
3. The Court **CERTIFIES** that an IFP appeal from this order would be frivolous and therefore would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3); and
4. The Clerk of Court shall **CLOSE** this case.

It is **SO ORDERED**.

Dated: November 1, 2021

_____
Hon. Cathy Ann Bencivengo
United States District Judge